IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIANE BIFFAR, individually
and on behalf of all others
similarly-situated

Plaintiff,

v.                                                                  No. 16-0873-DRH

PINNACLE FOODS GROUP, LLC,

Defendant.

### MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction

Now before the Court is Pinnacle Foods Group, LLC's motion to stay (Doc. 12). Specifically, Pinnacle Foods Group, LLC ("Pinnacle") moves to stay this action pending action by the Food and Drug Administration ("FDA") on the meaning of the term "natural" in food labeling. Plaintiff opposes the motion (Doc. 18). Based on the following, the Court denies the motion to stay.

On August 8, 2016, Diane Biffar, individually and on behalf of all others similarly-situated, filed a class action complaint against Pinnacle (Doc. 1). Biffar alleges that Pinnacle labels its Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix ("muffin mix") as containing "Nothing Artificial" when in fact the muffin mix contains synthetic, artificial, and/or genetically modified

ingredients, including but not limited to monocalcium phosphate, xanthan gum, soy lecithin, and corn starch. Biffar purports to represent the following classes:

> The Nationwide class: All citizens of all states other than Missouri who purchased Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix for personal, household, or family purposes and not for resale in the five years preceding the filing of this Petition (the "Class Period"); and
> The Illinois Class:  All citizens of Illinois who purchased Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix for personal, household, or family purposes and not for resale during the Class Period.

(Doc. 1, p. 7).[1] Biffar's complaint alleges claims for violations of violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") on behalf of the Illinois Class (Count I); unjust enrichment on behalf of the nationwide class (Count II) and breach of express warranty on behalf of the nationwide class (Count III).

## Analysis

No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Ryan v. Chemlawn*, 935 F.2d 129, 131 (7th Cir. 1991) (quoting *United States v. W. Pac. R.R. Co.,* 352 U.S. 59, 64, 77 S.Ct. 161,

---

[1] A similar case based on the same muffin mix is pending in the Eastern District of Missouri.  *See Thornton v. Pinnacle Foods Group, LLC*, 16-CV-0158-JAR.  Thornton, individually and on behalf of all others similarly-situated, sued Pinnacle asserting claims for violation of the Missouri Merchandising Practices Act and unjust enrichment.  Thorton seeks to certify a class consisting of all persons in Missouri who purchased the muffin mix in the past five years.  On September 30, 2016, District Judge John A. Ross granted a similar motion to stay and stayed the *Thornton* case pending resolution of the FDA's proceedings pertaining to the term "natural." *Id.* at Doc. 31.

1 L.Ed.2d 126 (1956)). The policy reasons that animate the doctrine include: (1) "promot[ing] consistency and uniformity, particularly where the development of the law is dependent to some degree upon administrative policy"; (2) employing the expertise of agencies "to resolve the complexities of certain areas which are outside the conventional experience of the courts"; and (3) promoting "judicial economy because the dispute may be decided within the agency, thus obviating the need for the courts to intervene." *Id.* In this circuit, "[t]here is no fixed formula for the invocation of the doctrine of primary jurisdiction." *Id.* (quotations omitted).

Pinnacle asks the Court to follow Judge Ross' reasoning in *Thornton* finding that the "FDA's interpretation of 'natural' will necessarily inform the definition of "artificial" and be beneficial to the Court's determinations of the claims…." *Thornton* at Doc. 31, p. 4. As the parties are aware, Judge Ross' decision is not binding on this Court. *See Midlock v. Apple Vacations West, Inc.,* 406 F.3d 453, 457 (7th Cir. 2005) (collecting cases) ("A district court decision does not have stare decisis effect; it is not a precedent."). Thus, the Court respectfully disagrees with Judge Ross' reasoning and finds that a stay is not warranted as the benefits of a stay are speculative and granting the stay would unduly prejudice plaintiff. The Court further finds that it is well-suited to entertain this consumer fraud case. Moreover, the Court agrees with Biffar that this case is about whether Pinnacle's muffin mix label deceives the consumers and not how about the FDA defines "natural" or "artificial." The Court is confident that it can decide if it is misleading to a reasonable consumer to label a product as containing "Nothing Artificial" when

the muffin mix contains artificial, synthetic ingredients.

## Conclusion

Accordingly, the Court **DENIES** Pinnacle's motion to stay (Doc. 12).

**IT IS SO ORDERED.**

Signed this 15th day of December, 2016.

Judge Herndon
2016.12.15
01:57:48 -06'00'

**United States District Judge**