IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIANE BIFFAR, individually
and on behalf of all others
similarly-situated,

Plaintiff,

v.   No. 16-0873-DRH

PINNACLE FOODS GROUP, LLC,

Defendant.

### MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction

Now before the Court is Pinnacle Foods Group, LLC's motion to dismiss (Doc. 11). Plaintiff opposes the motion (Doc. 18). Based on the following, the Court denies the motion to dismiss.

On August 8, 2016, Diane Biffar, individually and on behalf of all others similarly-situated, filed a class action complaint against Pinnacle Foods Group, LLC ("Pinnacle") (Doc. 1). Biffar alleges that Pinnacle labels its Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix ("muffin mix") as containing "Nothing Artificial" when in fact the muffin mix contains synthetic, artificial, and/or genetically modified ingredients, including but not limited to

monocalcium phosphate, xanthan gum, soy lecithin, and corn starch.[1] Biffar contends that Pinnacle's representation that the muffin mix contains "Nothing Artificial" is false, deceptive, unfair and misleading. Biffar purports to represent the following classes:

> <u>The Nationwide class</u>: All citizens of all states other than Missouri who purchased Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix for personal, household, or family purposes and not for resale in the five years preceding the filing of this Petition (the "Class Period"); and
> <u>The Illinois Class</u>: All citizens of Illinois who purchased Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix for personal, household, or family purposes and not for resale during the Class Period.

(Doc. 1, p. 7).[2] Biffar's complaint alleges claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") on behalf of the Illinois Class (Count I); unjust enrichment on behalf of the nationwide class (Count II) and breach of express warranty on behalf of the nationwide class (Count III).

On October 3, 2016, Pinnacle, pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(2) and 12(b)(6) moved to dismiss Biffar's complaint based on various grounds (Doc. 11). On November 17, 2016, Biffar filed her opposition to the

---

[1] According to the complaint, monocalcuim phosphate is a synthetic chemical compound that is used as a leavening agent and it is commercially manufactured and chemically synthesized by mixing phosphoric acid with a calcium-containing medium; xanthan gum is a synthetic thickener that is commercially manufactured; soy lechitin is a synthetic emulsifier and stabilizer; and corn starch is a synthetic corn product used as an anti-caking and thickening agent.

[2] A very similar case based on the same muffin mix is pending in the Eastern District of Missouri. *See Thornton v. Pinnacle Foods Group, LLC*, 16-CV-0158-JAR. Thornton, individually and on behalf of all others similarly-situated, sued Pinnacle asserting claims for violation of the Missouri Merchandising Practices Act and unjust enrichment. Thorton seeks to certify a class consisting of all persons in Missouri who purchased the muffin mix in the past five years. On September 30, 2016, District Judge John A. Ross granted a motion to stay and stayed the *Thornton* case pending resolution of the FDA's proceedings pertaining to the term "natural." *Id.* at Doc. 31.

motion (Doc. 23).   As the motion is ripe, the Court turns to address the merits of the motion.[3]

## Motion to Dismiss Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept [ ] as true all well-pleaded facts alleged, and draw [ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more

---

[3] On December 15, 2016, the Court denied Pinnacle's motion to stay (Doc. 31).

likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even so, the complaint does not need to state all possible legal theories. *Dixon v. Page*, 291 F.3d 485, 486-87 (7th Cir. 2002). In addition to the complaint itself, the Court may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Since Biffar's claim is of fraud under the ICFA, the sufficiency of that claim is analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011). Rule 9(b) requires a pleading to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). While the precise level of particularity required under Rule 9(b) depends upon the facts of the case, the pleading "ordinarily requires describing the who, what, when, where and how of the fraud." *Camasta v. Jos. A. Bank Clothiers Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)(quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)). "One of the purposes of the particularity and specificity required under Rule 9(b) is 'to force the plaintiff to do more than the usual investigation before filing his complaint.'" *Camasta*, 761 F.3d at 737 (quoting *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999)).

It is Biffar's burden to establish that Pinnacle is subject to this Court's

personal jurisdiction. *N. Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014). On a Rule 12(b)(2) motion to dismiss, the Court may "receive and weigh" affidavits and other evidence outside the pleadings. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003) (citation and internal quotation marks omitted). Biffar "need only make out a *prima facie* case of personal jurisdiction" because the Court has not held an evidentiary hearing to resolve factual disputes. *Id.* (citation and internal quotation marks omitted). The Court construes Biffar's complaint "liberally with every inference drawn" in her favor. *GCIU–Employer Retirement Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

## Analysis

### IFCA claim

The ICFA prohibits the "misrepresentation or the concealment, suppression, or omission of any material fact" in the conduct of any trade or commerce. 815 ILCS § 505/2. The intent of the ICFA is "to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.,* 612 F.3d 932, 934 (7th Cir. 2010) (citing *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 416–17, 266 Ill.Dec. 879, 775 N.E.2d 951 (2002)). In order to state a claim under the ICFA, a plaintiff must show: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair

practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 574 (7th Cir. 2012).

Pinnacle, argues that Biffar has not plausibly alleged that the muffin mix's labeling is deceptive as Biffar does not allege what "artificial" means; the muffin mix's labeling discloses the list of ingredients and Biffar wrongly relies on the U.S. Department of Agriculture regulations while ignoring what the FDA has said.

The Court rejects Pinnacle's reasoning and the line of cases it argues that support such reasoning.[4] Whether a reasonable consumer would be deceived by a product label or a reasonable consumer's understanding of the term 'artificial' are questions of fact that cannot be resolved on a motion to dismiss. *Murphy*, 2016 WL 6596083 at *2. Biffar alleges facts that, if true, establish a deceptive or false claim to the muffin mix. In her complaint, Biffar alleges a definition of "artificial" as something that is "synthetic" and cites to the Merriam-Webster definition of "synthetic" in her complaint (Doc. 1, ¶ 7). Moreover, Biffar alleges that xanthan gum and monocalcium phosphate are synthetic and that no reasonable consumer

---

4 Defendant relies, *inter alia*, on *Murphy v. Stonewall Kitchen, LLC*, No. 2016 WL 614570 (Mo. Cir. Ct. St. Louis, January 26, 2016)(Moriarty, J.)(holding that "a reasonable consumer who had any concern or question at all as to whether a particular food product item with the phrase 'all natural' on its labeling did in fact comport with the consumer's own subjective notion or definition of what the phrase meant, would presumably examine the ingredients list on the package labeling"). Very recently, the Missouri Court of Appeals reversed the trial court's decision in *Murphy*. *See Murphy v. Stonewall Kitchen, LLC*, 2016 WL 6596083 (Mo. Ct. App. November 8, 2016)(holding "the bare assertion that 'all natural' is subjective and ambiguous does not cause Murphy's entire MMPA claim to fail at this early stage of litigation because a reasonable consumer's understanding of the term 'all natural' or whether a practice is unfair or deceptive are questions of fact." and rejecting "the notion that the 'ingredient list' defense asserted … defeats Murphy's claim as a matter of law.").

would know or should know that those ingredients are synthetic, artificial and/or GMO ingredients (Doc. 1, ¶ ¶ 15, 33, 34). Biffar alleges that Pinnacle's "Nothing Artificial" muffin mix is misleading because it contains synthetic substances (Doc. 1, ¶¶ 2-16). The Court finds that these allegations are sufficient to state a cause of action under the ICFA.

As to the "ingredient list" defense, the Court finds that it is plausible that a consumer might rely on the "Nothing Artificial" without examining the ingredients or that a consumer might not know what "artificial" ingredients are. *See Murphy*, 2016 WL 6596083, at *3. Biffar alleges that she did not know and other reasonable consumers would not know that the ingredients listed were artificial, synthetic, and/or GMO ingredients. At this stage, the allegations are sufficient to withstand dismissal.

Lastly, as to Pinnacle's argument regarding the U.S. Department of Agriculture and the FDA, the Court agrees with Biffar in that this is not a "naturals" case and whether a reasonable consumer would expect a synthetic raising agent in muffin mix labeled "Nothing Artificial" is a question of fact that cannot be resolved on a motion to dismiss. Thus, the Court denies the motion as to the IFCA claim.

**ICFA Damages**

Pinnacle argues that Biffar's ICFA claim fails because she has not plausibly alleged any ascertainable harm. Specifically, Pinnacle argues that Biffar has not plead any facts suggesting that the muffin mix was not worth the $3.49 she allegedly paid. Biffar counters that she has alleged that as a result of Pinnacle's

deceptive "Nothing Artificial" label, she paid a premium for the muffin mix because the muffin mix was worth less than it was represented to be because it contained artificial, synthetic, and GMO ingredients.

When the plaintiff is a private party as Biffar is here, an action brought under the ICFA requires the plaintiff to show she suffered "actual damage" as a result of the defendant's violation of the act. 815 ILCS 505/10a; *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010); *Mulligan v. QVC, Inc.*, 382 Ill.App.3d 620, 321 Ill.Dec. 257, 888 N.E.2d 1190, 1196 (2008). In a private ICFA action, the element of actual damages "requires that the plaintiff suffer actual pecuniary loss." *Kim*, 598 F.3d at 365 (internal citation omitted).

Here, the Court finds that Biffar has pled damages sufficiently under the ICFA. Specifically, Biffar alleges:

> Because the Product in fact contains Artificial Ingredients, the Product as sold was worth less than the Product as represented, and Plaintiff and Class Members paid a premium for it. Had the truth be known, Plaintiff and Class Members would not have purchased the Product or would have paid less for it. Plaintiff and Class Members were deceived by the "Nothing Artificial" label on the Product and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Product and the value of the Product if it had been represented.

(Doc. 1, ps. 12, ¶¶ 57 & 58). She alleges that the price of the muffin mix as represented was too much, or more than the value of the muffin mix as sold and that she would not have purchased it or would have paid less for it had she known it contained synthetic ingredients. Based on the allegations, which the Court must

accept as true for the purposes of the motion, the Court finds that Biffar has pled a plausible theory of damages. Thus, the Court denies the motion on this ground.

**IFCA claim and Rule 9(b)**

Next Pinnacle argues that Biffar has not satisfied Rule 9(b)'s particularity requirements. Specifically, that Biffar does not plead the "who, what, when, where and how" of the alleged fraud. Pinnacle further asserts that Biffar does not plead what she believed "nothing artificial" meant at the time of purchase or otherwise explain how she was deceived.

"While Rule 9(b) 'does not require a plaintiff to plead all facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state the identity of the person making the representation, the time, the place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Camasta*, 761 F.3d at 737 (quoting *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)(internal citations and quotations omitted)).

After reviewing the pleadings, the Court concludes that Biffar's complaint meets the Rule 9(b) standard. Biffar's complaint adequately alleges (a) the who: Pinnacle; (2) the what: "Nothing Artificial" labeling on the muffin mix containing synthetic and GMO ingredients, monocalcium phosphate, xanthan gum and corn starch; (3) the when: purchases made during the five years preceding the filing of the complaint and, including May 2016; (4) the where: on the label of the muffin mix, a copy contained in the complaint; and (5) the how: by representing that the

muffin mix contains "Nothing Artificial" when in fact it contains synthetic and GMO ingredients. The Court finds these allegations sufficient and denies the motion on this ground.

**Express Warranty Claims**

Next, Pinnacle argues that Biffar's express warranty claim fails because Biffar never provided the pre-litigation notice required by the Illinois Uniform Commercial Code and if she had contacted Pinnacle, Biffar could have received a full refund of her purchase under the "Satisfaction Guarantee" offered on the muffin mix. Pinnacle also asserts that she cannot prove falsity given that she has offered no plausible objective definition of "artificial." Biffar contends that she was not required to provide pre-suit notice; that Pinnacle's guarantee argument has been repeatedly rejected and that she is not required to prove the falsity of Pinnacle's representation at this stage. The Court agrees with Biffar.

"To state a claim for breach of express warranty, a plaintiff must allege that (1) the seller made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) seller guaranteed that the goods would conform to the affirmation or promise." To obtain monetary damages on an express warranty claim, Biffar must demonstrate "by a preponderance of the evidence the terms of the warranty, * [a breach or failure of the warranty], a demand upon the defendant to perform under the terms of the warranty, a failure of the defendant to do so, a compliance with the terms of the warranty by the plaintiff, and damages measured by the terms of the warranty." *Hasek v.*

*DaimlerChrysler Corp.*, 745 N.E.2d 627, 638, 319 Ill.App.3d 780, 253 Ill.Dec. 504 (2001). The demand requirement is included in the Uniform Commercial Code, as adopted in Illinois. It requires that a purchaser-plaintiff "within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." 810 Ill. Comp. Stat. Ann. 5/2–607. Parties may be excused from the pre-litigation notice requirement when they allege a physical injury or when the defendant had actual knowledge of the product's defect. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590–91, 174 Ill.2d 482, 221 Ill.Dec. 389 (1996)). In *Connick*, the Illinois Supreme Court held that because the plaintiffs suffered only economic damages stemming from their increased risk of physical injury, dismissal was appropriate in light of plaintiffs' failure to provide pre-litigation notice. *Connick*, 675 N.E.2d at 591, 174 Ill.2d 482, 221 Ill.Dec. 389

First, Biffar's complaint alleges that Pinnacle had actual knowledge and that notice is not required because others already alerted Pinnacle to the problems with the muffin mix (Doc. 1, ¶ 71). Specifically, Biffar states: "Because Defendant has actual knowledge that its Product contains artificial ingredients and because others have already alerted Defendant to the issues with its Product, pre-suit notice of this claim is not required." Whether and to what extent notice is sufficient is a question of fact not susceptible to a motion to dismiss. *See, e.g., Maldonado v. Creative Woodworking Concepts, Inc.*, 296 Ill.App.3d 935, 230 Ill.Dec. 743, 694 N.E.2d 1021, 1026 (1998)("Whether sufficient notice has been provided is

generally a question of fact to be determined based upon the particular circumstances of each case"). Further, as to the "guarantee" argument, the Court finds that whether or not the label is deceptive and whether or not Pinnacle intended for Biffar to rely on it are factual questions not appropriate for a motion to dismiss. Similarly, Biffar is not required to prove the falsity of Pinnacle's representations at this point. Biffar alleges that the muffin mix represented that it contained "Nothing Artificial." At this stage, the Court finds that Biffar's allegations are sufficent regarding breach of warranty at the early stage of this litigation. The Court denies the motion on this basis.

**Unjust enrichment**

Pinnacle argues that Biffar's unjust enrichment claim should be dismissed because she has not plausibly alleged deception. Pinnacle also argues that Biffar's unjust enrichment claim cannot stand alone if the Court dismisses the ICFA claim and the warranty claim.

To state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (Ill. 1989).

As previously discussed *supra*, Biffar has alleged claims under the ICFA and for breach of warranty. Additionally, it is permissible to pursue alternative theories at the pleading stage. *See* Fed.R.Civ.P. 8(e)(2) (authorizing a party to "set

forth two or more statements of a claim or defense alternately or hypothetically" and "to state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable or maritime grounds."). Thus, the Court denies the motion on this ground.

### Non-Illinois Residents' claims

Lastly, Pinnacle argues that the Court lacks personal jurisdiction over Pinnacle with respect to the claims of the out-of-state plaintiffs. Specifically, Pinnacle argues that Biffar cannot establish general or specific jurisdiction over Pinnacle as to the non-Illinois putative class. Pinnacle argues that it is a Delaware LLC with its principal place of business in New Jersey; therefore, it is not "at home" in Illinois and the Court lacks general jurisdiction over Pinnacle. Pinnacle further argues that Biffar has not alleged any activities of Pinnacle in Illinois sufficient to justify the exercise of specific jurisdiction over Pinnacle as to claims of the putative class members residing in states other than Illinois. Biffar counters that these arguments are premature as there are no named plaintiffs who are not citizens of Illinois and that Biffar has not moved to certify any class at this time. Biffar contends that these issues are more proper at the class certification stage. The Court agrees with Biffar and finds that this issue must be addressed later in the litigation.

### Conclusion

Accordingly, the Court **DENIES** Pinnacle's motion to dismiss (Doc. 11).

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2016.

Judge Herndon
2016.12.22
15:03:19 -06'00'

**United States District Judge**